# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 11-810V
(E-Filed: August 12, 2014)

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | * | |
| LYNN FRY, as Personal Representative | * | UNPUBLISHED |
| of VIRGINIA TAYLOR, deceased, | * | |
| | * | |
| Petitioner, | * | Special Master |
| | * | Hamilton-Fieldman |
| v. | * | |
| | * | Influenza Vaccine; Transverse |
| SECRETARY OF HEALTH AND | * | Myelitis ("TM"); Acute Disseminated |
| HUMAN SERVICES, | * | Encephalomyelitis ("ADEM"); Death; |
| | * | Decision; Stipulation. |
| Respondent. | * | |
| * * * * * * * * * * * * * * * | * | |

Anne Carrion Toale, Maglio, Christopher & Toale, PA, Sarasota, FL, for Petitioner.
Linda S. Renzi, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On December 2, 2011, Petitioner, Lynn Fry, personal representative of Virginia Taylor, deceased, filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program"). The petition alleged that Ms. Taylor suffered from Transverse Myelitis ("TM"), Acute Disseminated Encephalomyelitis ("ADEM"), and death, as a result of receiving an influenza

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Otherwise, "the entire" decision will be available to the public. *Id.*

vaccination on October 13, 2009.[2]

Respondent denies that Petitioner's influenza vaccination caused her TM, ADEM, death, and/or any other injury. Nonetheless, both parties, while maintaining their above stated positions, agreed in a Stipulation, filed August 12, 2014, ("Stipulation") that the issues before them can be settled and that a decision should be entered awarding Petitioner compensation.

The undersigned finds said stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The stipulation awards:

A lump sum of $45,000.00 in the form of a check payable to Petitioner, representing all damages available under 42 U.S.C. §300aa-15(a) to which Petitioner would be entitled.

Stipulation ¶ 8(a)

The undersigned approves the requested amounts for Petitioner's compensation. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

s/Lisa D. Hamilton-Fieldman
Lisa D. Hamilton-Fieldman
Special Master

---

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C.A. § 300aa-10-§ 300aa-34 (West 1991 & Supp. 2002) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

RECEIVED
By [illegible] at 10:40 am, Jul 31, 2014

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| LYNN FRY, as Personal Representative of the Estate of VIRGINIA TAYLOR, )<br><br>Petitioner, )<br><br>v. )<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES, )<br><br>Respondent. ) | No. 11-810V<br>Special Master Hamilton-Fieldman<br>ECF |

## STIPULATION

The parties hereby stipulate to the following matters:

1. A petition for vaccine compensation was filed by Virginia Taylor ("Ms. Taylor"), under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program"). Upon Ms. Taylor's death, Lynn Fry was substituted as petitioner. The petition seeks compensation for Ms. Taylor's injury and death, which petitioner alleges were caused by receipt of the trivalent influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Ms. Taylor received the flu vaccine on October 13, 2009.

3. The vaccine was administered within the United States.

4. Petitioner alleges that as a result of receiving the flu vaccine, Ms. Taylor suffered acute disseminated encephalomyelitis ("ADEM") and Transverse Myelitis ("TM"). Ms. Taylor passed away on December 11, 2011. Petitioner further alleges that Ms. Taylor's death was the sequela of her alleged vaccine-related injury.

1

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of Ms. Taylor as a result of the alleged injury or her death.

6. Respondent denies that the flu vaccine caused Ms. Taylor's alleged ADEM, TM, any other injury, or her death.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $45,000.00 in the form of a check payable to petitioner as legal representative of the Estate of Virginia Taylor. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

2

11. Payments made pursuant to paragraph 8 of this Stipulation, and any amount awarded pursuant to paragraph 9, will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. Petitioner represents that she presently is, or within 90 days of the date of judgment will become, duly authorized to serve as legal representative of the Estate of Virginia Taylor under the laws of the State of New Mexico. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing her appointment as legal representative of the Estate of Virginia Taylor. If petitioner is not authorized by a court of competent jurisdiction to serve as legal representative of the Estate of Virginia Taylor at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as legal representative of the Estate of Virginia Taylor upon submission of written documentation of such appointment to the Secretary.

13. In return for the payments described in paragraph 8, and any amount awarded pursuant to paragraph 9, petitioner, in her individual capacity, and as the Personal Representative of the Estate of Virginia Taylor, on behalf of herself, the Estate, and Ms. Taylor's heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300 aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal

3

injuries to or death of Ms. Taylor resulting from, or alleged to have resulted from, the flu

vaccine administered on October 13, 2009, as alleged in a Petition filed on December 11, 2011,

in the United States Court of Federal Claims as petition No. 11-810V.

14. If the special master fails to issue a decision in complete conformity with the terms

of this Stipulation or if the United States Court of Federal Claims fails to enter judgment in

conformity with a decision that is in complete conformity with the terms of this Stipulation, then

the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15. This Stipulation expresses a full and complete negotiated settlement of liability and

damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except

as otherwise noted in paragraph 9 above.  There is absolutely no agreement on the part of the

parties hereto to make any payment or do any act or thing other than is herein expressly stated

and clearly agreed to.  The parties further agree and understand that the award described in this

Stipulation may reflect a compromise of the parties' respective positions as to liability and/or

amount of damages.

16. This Stipulation shall not be construed as an admission by the United States or the

Secretary of Health and Human Services that the flu vaccine caused Ms. Taylor's alleged

ADEM, TM,  any other injury, or her death.

17. All rights and obligations of petitioner in her capacity as the Personal Representative

of the Estate of Virginia Taylor shall apply equally to petitioner's heirs, executors,

administrators, successors, and/or assigns.

END OF STIPULATION

/

/

4

Respectfully submitted,

**PETITIONER:**

*[signature: Lynn Martin Fry]*

LYNN FRY

**ATTORNEY OF RECORD FOR PETITIONER:**

*[signature]*

ANNE C. TOALE
MAGLIO CHIRSTOPHER & TOALE, PA
1455 Pennsylvania Avenue, NW
Suite 400
Washington, DC 20004
Tel: (941) 952-5242

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

*[signature: Vincent J Matanoski by Richard...]*

VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U. S. Department of Justice
P. O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

*[signature]*

MELISSA A. HOUSTON, M.D., M.P.H.
Acting Director, Division of Vaccine
Injury Compensation (DVIC)
Healthcare Systems Bureau
U.S. Department of Health and Human Services
5600 Fishers Lane
Parklawn Building, Stop 11C-26
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

*[signature: Linda S Renzi]*

LINDA S. RENZI
Senior Trial Counsel
Torts Branch
Civil Division
U. S. Department of Justice
P. O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-4133

DATE: *12 August 2014*

5